IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEWART A. WEBB,

         *Plaintiff,*

vs.

         Case No. 12-CV-2588-EFM-GLR

KATHRYN H. VRATIL. et al.,

         *Defendants.*

MEMORANDUM AND ORDER

Plaintiff, Stewart A. Webb, proceeds pro se and *in forma pauperis* to assert this action for injunctive relief against Chief Judge Kathryn H. Vratil and the United States District Court for the District of Kansas.  This matter comes before the Court on Plaintiff's objections[1] to the Report and Recommendation of Magistrate Judge Kenneth G. Gale, which recommended that the Court find the action repetitive, dismiss the case as frivolous, and certify that any appeal would not be taken in good faith.[2]  Also before the Court are Plaintiff's Ex Parte Motion for Preliminary

---

[1] Plaintiff filed two documents objecting to the Magistrate Judge's Report and Recommendation.  Doc. 9; Doc. 10.  Although Plaintiff styled his first submission as a Motion to Review Magistrate's Order of Dismissal, the Court construes that motion as an objection pursuant to Fed. R. Civ. P. 72(b)(2).

[2] Doc. 8.

Injunction,[3] Emergency Motion for Hearing,[4] and Motion to Compel.[5]   For the reasons stated below, the Court overrules Plaintiff's objections, adopts the Report and Recommendation, and dismisses this case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   Accordingly, the Court also denies as moot Plaintiff's Ex Parte Motion for Preliminary Injunction, Emergency Motion for Hearing, and Motion to Compel.

## I.       Legal Standards

Upon objection to a magistrate judge's order on a dispositive matter, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[6]  Objections are proper only if they are both timely and specific.[7]  An objection is timely if made within fourteen days after the magistrate judge issues a recommendation.[8]  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[9]  If objections are not timely or properly made, the Court has broad discretion to review the recommendation under any standard that it finds appropriate.[10]  In conducting its review, "[t]he district judge may accept,

---

[3] Doc. 5.  Plaintiff's Ex Parte Motion for Preliminary Injunction largely addresses the allegations contained in his Complaint, which seeks injunctive relief.

[4] Doc. 11.

[5] Doc. 13.  As the Court understands this motion, Plaintiff seeks only to expedite the hearing that he requested regarding objections to the Magistrate Judge's Report and Recommendation.

[6] Fed. R. Civ. P. 72(b)(3).

[7] *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[8] *Id.*

[9] *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

[10] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[11]

Because Plaintiff appears pro se in this case, the Court must liberally construe his pleadings.[12]  However, liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[13]  Additionally, Plaintiff's status as a pro se litigant does not excuse the pursuit of repetitive litigation.[14]

## II.    Analysis

As noted above, the Court only reviews a magistrate judge's disposition upon an objection that is both timely and specific.[15]  Because Plaintiff filed his objections within fourteen days of the Report and Recommendation in this case, the objections are timely.  However, the documents that Plaintiff filed in objection to dismissal are largely incomprehensible, and relate to parties, judges, courts, and issues not contemplated in this action.  Simply put, Plaintiff's objection is not sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[16]  The Court finds that Plaintiff does not properly object to the Magistrate Judge's disposition.

Nonetheless, the Court finds itself in complete agreement with the conclusion reached in the Report and Recommendation.  Under 28 U.S.C. § 1915(e)(2), the Court must consider the merits of all cases in which a plaintiff proceeds *in forma pauperis*, and must dismiss any action

---

[11] *Id.*

[12] *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997).

[13] *Id.*

[14] *Id.*

[15] *One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d at 1059.

[16] *Arn*, 474 U.S. at 147.

that it determines frivolous or malicious.[17]  "A complaint that rehashes previously litigated issues may be dismissed as frivolous or malicious."[18]  On November 24, 2009, Plaintiff first asserted claims against the Hon. Judge Kathryn H. Vratil and the United States District Court for the District of Kansas.[19]  The district court dismissed that case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[20]  The Tenth Circuit Court of Appeals ultimately affirmed the district court's dismissal, agreeing that the Plaintiff's cause was frivolous or malicious.[21]

In language that is nearly verbatim, the Complaint in this case reasserts the same claims that the district court and the Tenth Circuit Court of Appeals dismissed as frivolous in Plaintiff's prior action.  To the extent that the Court can understand the allegations contained in Plaintiff's former and current Complaints, both ask the Court to enjoin Judge Kathryn H. Vratil and the United States District Court for the District of Kansas from becoming instruments of corruption that would limit Plaintiff's right to redress grievances regarding his alleged mistreatment by what he refers to as "the Millman Bush Crime family RICO enterprise."[22]  Because Plaintiff's Complaint simply restates claims already considered and dismissed in a prior action, the Court finds Plaintiff's action repetitive, frivolous, and subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Furthermore, because dismissal is appropriate, the Court denies Plaintiff's Ex

---

[17] 28 U.S.C. § 1915(e)(2)(B)(i) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious.").

[18] *Griffin v. Zavaras*, 336 F. App'x 846, 849 (10th Cir. 2009) (citations omitted).

[19] Complaint, Case No. 09-CV-2603-FJG.

[20] Case No. 09-CV-2603-FJG, Doc. 9, Order Denying Motion for Leave to Proceed in Forma Pauperis.

[21] *Webb v. Vratil*, 372 F. App'x 909, 910 (10th Cir. 2010).

[22] *Compare* Case No. 12-CV-2588-EFM, Doc. 1, Complaint, *with* Case No. 09-CV-2603-FJG, Doc. 1, Complaint.

4

Parte Motion for Preliminary Injunction, Emergency Motion for Hearing, and Motion to Compel, as moot.

Finally, a district court may prohibit a party from proceeding *in forma pauperis* on a potential appeal, before or after a notice of appeal is filed, if the court certifies that the party would not take the appeal in good faith.[23]  The Court finds such a certification appropriate in this case.  As noted above, the Tenth Circuit Court of Appeals previously held that Plaintiff's appeal on the dismissal of a nearly identical Complaint was frivolous and malicious.[24]  Because the Court finds no meaningful distinction between Plaintiff's former and present actions, an appeal would be both procedurally repetitive and substantively frivolous.  Therefore, the Court hereby certifies that an appeal of this Memorandum and Order would not be taken in good faith.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's objections to dismissal (Docs. 9 & 10) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court accepts the recommended decision of the Magistrate Judge in the Report and Recommendation (Doc. 8), and adopts it as its own.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS FURTHER ORDERED** that Plaintiff's Ex Parte Motion for Preliminary Injunction (Doc. 5), Emergency Motion for Hearing (Doc. 11), and Motion to Compel (Doc. 13), are hereby **DENIED AS MOOT**.

---

[23] 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(3)(A).

[24] *Webb*, 372 F. App'x at 910.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that any appeal taken in this case would not be taken in good faith.

**IT IS SO ORDERED**.

Dated this 31st day of October, 2012.

*Eric F Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE