# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEWART A. WEBB,

    *Plaintiff,*

vs.

KATHRYN H. VRATIL. et al.,

    *Defendants.*

Case No. 12-CV-2588-EFM-GLR

## MEMORANDUM AND ORDER

Plaintiff, Stewart A. Webb, proceeds pro se and *in forma pauperis* to assert this action for injunctive relief against Chief Judge Kathryn H. Vratil and the United States District Court for the District of Kansas. This matter comes before the Court on Plaintiff's Motion for Reconsideration,[1] which asks the Court to reconsider its Memorandum and Order[2] dismissing Plaintiff's action as frivolous. Specifically, Plaintiff argues that the Court improperly dismissed this action by erroneously applying the doctrine of res judicata and by implicitly assuming that Defendants were entitled to absolute immunity. Because the Court's dismissal did not address or rely upon the doctrine of res judicata or Defendants' entitlement to immunity, the Court denies Plaintiff's Motion for Reconsideration.

---

[1] Doc. 18. Plaintiff entitled his submission, "Motion for Reconsideration Local Rule 7.3 Judges Order Violates Pulliman Judges Are Not Immumed [sic]."

[2] Doc. 14.

### I.     Legal Standards

Local Rule 7.3(a) governs motions to reconsider a dispositive order.[3] "Parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60," and "[t]he court will not grant reconsideration of such an order or judgment under [Local Rule 7.3]."[4] The standards governing motions to reconsider are well established. "A motion to reconsider is appropriate where the Court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence."[5] However, a motion to reconsider is not an appropriate method for a party to revisit issues already addressed or to advance new arguments and supporting facts that were originally available.[6] In other words, "[a] party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[7] The decision regarding whether to grant or to deny a motion to reconsider is left with the sound discretion of the district court.[8] Finally, because Plaintiff appears pro se in this case, the Court must liberally construe his pleadings,[9] but such liberal construction does not relieve the plaintiff of his burden to demonstrate that reconsideration is proper.[10]

---

[3] D. Kan. Rule 7.3.

[4] D. Kan. Rule 7.3(a).

[5] *Eissa v. Aetna Life Ins. Co.*, 2011 WL 3611492, *1 (D. Kan. Aug. 16, 2011) (quoting *Comeau v. Rupp*, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992)).

[6] *Id.*

[7] *Cline v. S. Star Cent. Gas Pipeline*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (quoting *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)).

[8] *Vanlerberghe v. Apfel*, 2000 WL 360104, *1 (D. Kan. Mar. 3, 2000) (citations omitted).

[9] *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997).

## II.     Analysis

As indicated above, the Court will not grant reconsideration of a dispositive order under Local Rule 7.3.[11]  Rather, the party seeking reconsideration must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60.[12]  In this case, Plaintiff expressly seeks reconsideration under Local Rule 7.3, and Plaintiff's motion does not invoke or discuss Rules 59(e) or 60.  While the Court is mindful that Plaintiff proceeds pro se, "*pro se* litigants are subject to the same rules of procedure that govern other litigants."[13]  "We do not believe it is the proper function of the district court to assume the role of advocate for the *pro se* litigant."[14]  For this reason, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[15]  Because Plaintiff seeks reconsideration under Local Rule 7.3 alone, the Court finds that Plaintiff's motion must be denied as improper.

Even if Plaintiff properly filed his motion pursuant to Rules 59(e) or 60, the Court finds that reconsideration is inappropriate.  Reconsideration is reserved for rare instances in which the Court obviously misapprehended the applicable law.[16]  Here, Plaintiff asserts that the Court erroneously applied the doctrine of res judicata and improperly found that Defendants were entitled to immunity.  Plaintiff's argument is misguided.  The Court did not mention or rely upon the doctrines of res judicata or immunity in its Memorandum and Order.  Instead, the Court

---

[10] *Id.*

[11] D. Kan. Rule 7.3(a).

[12] *Id.*

[13] *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993).

[14] *Hall v. Bellmon*, 935 F.2d, 1106, 1110 (10th Cir. 1991).

[15] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[16] *Eissa*, 2011 WL 3611492 at *1.

3

dismissed Plaintiff's Complaint as frivolous and repetitive because it restated, nearly verbatim, claims that Plaintiff asserted in a prior action, which this Court and the Tenth Circuit Court of Appeals considered and dismissed.[17]  Plaintiff's arguments therefore fail to demonstrate that the Court obviously misapprehended the applicable law in its Memorandum and Order. Accordingly, Plaintiff's motion for reconsideration must be denied.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion for Reconsideration Local Rule 7.3 Judges Order Violates Pulliman Judges Are Not Immumed [sic] (Doc. 18) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of November, 2012.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[17] Doc. 14, at 4.